**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| THE SALAD FARM,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ALTA-TESSE, LLC, et al.,<br><br>　　　　　Defendants. | Case No.  25-cv-05161-BLF<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER; AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>[Re: ECF 20] |

Plaintiff has filed an *ex parte* application for a temporary restraining order ("TRO") and motion for a preliminary injunction, seeking to enjoin Defendants from dissipating funds to which Plaintiff claims entitlement as trust assets under the Perishable Agricultural Commodities Act ("PACA").  *See* Compl., ECF 1; Pl's Applic., ECF 20.

Plaintiff's TRO application is GRANTED as set forth herein, and Defendants are HEREBY ORDERED TO SHOW CAUSE, in writing and by Wednesday, August 20, 2025, at 11:00 a.m., why a preliminary injunction should not issue.  An in-person show cause hearing IS HEREBY SET for Thursday, August 21, 2025, at 9:00 a.m.

**I.　BACKGROUND**

Plaintiff The Salad Farm filed the complaint in this action on June 18, 2025, alleging that it is in the business of growing and shipping wholesale quantities of perishable agricultural commodities in interstate commerce and is a dealer subject to and licensed under the provisions of PACA.  *See* Compl. ¶ 4.  Plaintiff alleges that in December 2024, it sold and delivered to Alta-

1   Tesse, LLC ("Alta-Tesse") eight shipments of baby spinach for the total price of $258,191.00.  *See*
2   *id.* ¶ 15.  According to Plaintiff, Alta-Tesse missed several payments and has paid only
3   $83,047.76, leaving an overdue and unpaid balance of $175,143.24.  *See id.* ¶¶ 19-21.  The
4   allegations of Plaintiff's complaint, including the amounts owed under PACA, are supported by
5   the declaration of Plaintiff's president.  *See* Paco Decl. ¶¶ 1-18, ECF 20-2.

6   Plaintiff seeks recovery of the outstanding balance, interest, and attorneys' fees and costs,
7   asserting claims under PACA and state law theories against Alta-Tesse as well as several of its
8   officers, directors, shareholders, and principal and/or managing members, including Brian Vetter,
9   Matthew Vetter, Gregory Vetter, Homegrown Brands, LLC, and Pemberton Farms, LLC
10  (collectively, "Defendants").  *See generally* Compl.

11  Plaintiff filed a first application for TRO concurrently with its complaint, but withdrew
12  that application after receiving assurances from Alta Tesse's counsel that Alta-Tesse would obtain
13  a bridge loan to pay off all past due amounts by June 30, 2025.  *See* Balch Decl. ¶ 5, ECF 20-3.
14  However, the payment was not made as promised.  *See id.*  Plaintiff's counsel, David W. Balch,
15  has submitted a declaration describing his conversations with Alta Tesse's counsel, which have
16  left Mr. Balch with the impression that he was getting the run-around and that Alta-Tesse's
17  financial situation has deteriorated significantly.  *See id.* ¶¶ 6-7.  Mr. Balch expresses his opinion
18  that, given Alta-Tesse's failure to pay its debt, broken promises, and apparent financial
19  difficulties, immediate injunctive relief is necessary to protect Plaintiff's interest.  *See id.* ¶ 7.

20  **II.   LEGAL STANDARD**

21  "The court may issue a temporary restraining order without written or oral notice to the
22  adverse party or its attorney only if:  (A) specific facts in an affidavit or a verified complaint
23  clearly show that immediate and irreparable injury, loss, or damage will result to the movant
24  before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in
25  writing any efforts made to give notice and the reasons why it should not be required."

26  "[T]he legal standards applicable to TROs and preliminary injunctions are substantially
27  identical." *Babaria v. Blinken*, 87 F.4th 963, 976 (9th Cir. 2023) (internal quotation marks and
28  citation omitted).  "To obtain a preliminary injunction, a plaintiff must establish (1) a likelihood of

success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities favors the plaintiff, and (4) that an injunction is in the public interest." *Id.* (internal quotation marks and citation omitted); *see also Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).

### III. DISCUSSION

The Court finds that Plaintiff has satisfied the requirements for issuance of a TRO without notice to Defendants. The declarations of Plaintiff's president and counsel establish that Alta-Tesse has promised to pay its debt, broken that promise, and likely is in significant financial difficulties of the type that would result in dissipation of PACA trust assets absent immediate injunctive relief. *See* Paco Decl. ¶¶ 12-18; Balch Decl. ¶¶ 2-7.

The Court also finds that Plaintiff has demonstrated that a TRO is warranted under the *Winter* factors. Plaintiff has shown that it is likely to succeed on the merits of its claims under PACA and state law theories, as it has delivered agricultural commodities to Alta-Tesse and has not received payment owed in the amount of $175,143.24. Plaintiff also has shown that it is likely to suffer irreparable harm if a TRO does not issue, as Alta-Tesse is in financial difficulties and continuing to conduct business, meaning it likely is dipping into PACA trust assets for operating expenses. *See* Paco Decl. ¶¶ 17-18; Balch Decl. ¶ 7. In this circuit, "district courts frequently accept the dissipation of assets from a PACA trust to satisfy the irreparable harm requirement for preliminary injunctive relief." *Produce Exch., Inc. v. Volcano Produce, Inc.*, No. CV 23-9802-DMG (ASX), 2023 WL 12011479, at *2 (C.D. Cal. Nov. 20, 2023) (granting *ex parte* TRO, collecting cases). The Court finds that the balance of equities favors Plaintiff, as Plaintiff is merely seeking to ensure payment of monies due to it. "[T]he Ninth Circuit has acknowledged that PACA's purpose is to protect the public interest," and this Court finds that interest to be served by issuance of a TRO here. *See Produce Exch.*, 2023 WL 12011479, at *2.

Based on the foregoing, the Court GRANTS Plaintiff's *ex parte* application for a TRO against Alta-Tesse and the other named defendants, Alta-Tesse's officers, directors, shareholders, and principal and/or managing members. Because Defendants have retained $175,143.24 in monies due to Plaintiff, the Court will not require a bond. Declining the require a bond in these

3

1  circumstances is consistent with the practice of other district courts in this circuit. *See, e.g.,*

2  *Produce Exch.*, 2023 WL 12011479, at *3 ("Since Defendants already have $889,838.14 in trust

3  assets from TPE, the Court will not require a bond.").

4        Plaintiff's proposed order includes a requirement that Defendants product discovery to

5  Plaintiff's attorneys on an expedited basis. However, Plaintiff's *ex parte* application and

6  supporting papers do not request expedited discovery or provide a basis for granting such

7  discovery. Plaintiff may file a separate motion for expedited discovery, if they wish to do so.

**IV. ORDER**

(1) Plaintiff's TRO application is GRANTED, and shall remain in effect through Friday, August 28, 2025 or until lifted by the Court, as follows:

    (a) Defendant Alta-Tesse and its officers, agents, servants, employees, attorneys, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with Alta-Tesse (including Defendants Brian Vetter, Matthew Vetter, Gregory Vetter, Homegrown Brands, LLC, and Pemberton Farms, LLC), are enjoined and restrained from dissipating, paying, transferring, encumbering, assigning or selling any and all assets covered by or subject to the PACA trust, or withdrawing any funds in Alta-Tesse's bank account subject to the PACA trust;

    (b) Under PACA, 7 U.S.C. §499e(c)(2), the assets subject to this order include all of Alta-Tesse's assets, unless it or a third party can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food, other products derived from perishable agricultural commodities, receivables or proceeds from the sale of such commodities or products, or purchased with funds from a comingled account containing proceeds from the sale of such commodities or products. Provided, however, Alta-Tesse may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of setoff, on the condition that Alta-Tesse accounts for and deposits the proceeds of any sale in its

1  bank account and maintains the proceeds subject to this Order;

2  (c) The PACA trust assets and any funds in Alta-Tesse's bank account subject

3  to these restraints may be lifted only by further order of this Court, the agreement

4  of The Salad Farm, or payment by Defendants to The Salad Farm in the principal

5  amount of $175,143.24 by bank check or wire transfer; and

6  (d) Alta-Tesse shall serve a copy of this Order on all banking or financial

7  institutions with which it conducts business, or any person or entity who may be

8  holding assets for or on its behalf. No later than three days after service of this

9  Order upon these persons or entities, Alta-Tesse shall file a Certificate of Service

10  with this Court that lists the persons or entities that were served with this Order.

11  (2) Plaintiff SHALL SERVE Defendants with the summons, complaint, application for

12  TRO, and this order as soon as is practicable, and in no event later than Saturday,

13  August 16, 2025.  Email service is adequate.  Plaintiff SHALL file a proof of

14  service by Monday, August 18, 2025.

15  (3) Defendants ARE HEREBY ORDERED TO SHOW CAUSE, in writing and by

16  Wednesday, August 20, 2025, at 11:00 a.m., why a preliminary injunction should

17  not issue.  No reply shall be filed.

18  (4) An in-person show cause hearing re issuance of a preliminary injunction IS

19  HEREBY SET for Thursday, August 21, 2025 , 2025 at 9:00 a.m. in Courtroom 1

20  of the U.S. District Court located at 280 S. First Street, San Jose, California 95113.

Dated: August 15, 2025

_____
BETH LABSON FREEMAN
United States District Judge